# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | Case No. 2:18-mn-2873-RMG<br><br>This document relates to:<br><br>All Cases in Which the United States Is a Named Defendant. |

## MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION TO HOLD IN ABEYANCE CERCLA COST RECOVERY AND CONTRIBUTION CLAIMS

The United States seeks to hold in abeyance Plaintiffs' CERCLA cost recovery and contribution claims. First, EPA's leadership is currently in the process of evaluating the designation of Perfluorooctanesulfonic Acid ("PFOS") and Perfluorooctanoic Acid ("PFOA") as hazardous substances under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). EPA is considering the designation of these two chemicals within the broader context of EPA's comprehensive strategy to address per- and polyfluoroalkyl substances ("PFAS").[1] An abeyance will allow time for that evaluation to be completed and thus provide clarity to the parties as to EPA's designation, which is a prerequisite for a CERCLA cost recovery claim by Plaintiffs.

Second, CERCLA prevents "[a]ny person who receives compensation for removal costs or damages or claims pursuant to any other Federal or State law" from "receiving compensation for the same removal costs or damages or claims as provided in [CERCLA]." 42 U.S.C. §

---

[1] EPA's designation is also being challenged in the D.C. Circuit. *See Chamber of Com. v. EPA*, Case No. 24-1193 (D.C. Cir.). The litigation is being held in abeyance through September 17, 2025. The resolution of the litigation is relevant to Plaintiffs' claims.

9614(b). Plaintiffs are contemporaneously seeking and recovering monetary damages from third parties and pursuing other claims against the United States. These claims appear to include at least some of the same costs they seek from the United States under CERCLA which could result in double recovery—an outcome specifically prohibited by CERCLA.

Continuing to litigate the CERCLA cost recovery and contribution claims while EPA's evaluation of the designation is pending, while a challenge to EPA's designation is pending, and while Plaintiffs' other claims for the same costs are ongoing, would be an inefficient use of the Court's and parties' time and resources.

**STANDARD OF REVIEW**

The power to pause proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) (holding that a court has "broad discretion to stay proceedings as an incident to its power to control its own docket"). For example, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties" to hold a case in abeyance "pending resolution of independent proceedings which bear upon the case." *Rice v. Astrue,* Case No. 4:06-cv-02770-GRA, 2010 WL 3607474, at *2 (D.S.C. Sept. 9, 2010) (internal quotations and citation omitted). Courts in this district grant abeyances in the interest of judicial economy and efficiency. Order, *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs, Charleston Dist. Off.,* 2:22-cv-02727-RMG (D.S.C. Nov. 27, 2023), Dkt. No. 39 (holding case in abeyance for environmental study to be completed by Defendants); *see also United States v. Ford*, No. 3:09-cr-107, 2019 WL 4567441, at *3 (W.D.N.C. Sept. 20, 2019)

(holding case in abeyance pending two Fourth Circuit decisions that would impact the outcome of the case). Indeed, courts routinely grant stays or abeyances where a new administration reconsiders a prior agency action and the outcome of such reconsideration could impact the pending proceeding. *See, e.g.*, Order, *Chamber of Com. v. EPA*, Case No. 24-1193 (D.C. Cir.), ECF Nos. 2102403, 2113719, 2118607, 2123879, 2131064; Order, *West Virginia v. EPA,* No. 23-1418 (4th Cir. July 10, 2025), ECF Nos. 136, 137; Order, *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. EPA*, No. 24-1151 (D.C. Cir. Apr. 30, 2025), ECF Nos. 2113775, 2104767 (abating challenges to rulemaking after EPA sought remand to reconsider the rulemaking); Order, *Utah v. EPA*, No. 23-1157 (D.C. Cir. Apr. 14, 2025), ECF Nos. 2111018, 2104881 (same); *see also* Order, *Am. Petrol. Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017), ECF Nos. 1675813, 1670157 (abating proceedings while EPA reviewed one of the challenged rules following change of administration).

## ARGUMENT

Here, there are two compelling reasons an abeyance would be in the interest of judicial economy. First, EPA's review of the PFOS/PFOA designation may impact and clarify the pending cost recovery and contribution proceedings under CERCLA. Second, an abeyance would allow time for Plaintiffs to resolve their claims seeking compensation from other sources and ensures that U.S. taxpayers are not unjustly enriching Plaintiffs under CERCLA's clear ban against double recovery.

**I.    An abeyance will provide clarity on the scope of potential recovery because a change in the designation could directly impact the pending proceedings.**

EPA's review of the PFOA/PFOS hazardous substance designation is ongoing and if EPA decides to reconsider the designation, that may directly impact Plaintiffs' cost recovery and

contribution claims. In order to recover costs under CERCLA, there must be a release or a threatened release of a "hazardous substance." 42 U.S.C. § 9607. Without such prerequisite, a claimant cannot recover costs under the CERCLA statute. *Id.* EPA has the authority to review and designate hazardous substances. 42 U.S.C. § 9602(a).

Last year, EPA promulgated a final rule designating PFOA and PFOS, as well as their salts and structural isomers, as CERCLA hazardous substances. 89 Fed. Reg. 39124, 39129 (May 8, 2024). This designation brought PFOA and PFOS into the CERCLA liability scheme. *Id.* After the designation, Plaintiffs amended their complaints, or filed new complaints, to include CERCLA cost recovery or contribution claims, under CERCLA sections 107 and 113, against the United States as a potentially responsible party.[2]

On January 20, 2025, there was a change in the federal administration. EPA thereafter announced its intent to evaluate whether to reconsider the designation of PFOS and PFOA as hazardous substances under CERCLA. *See* Mot. to Hold Cases in Abeyance, *Chamber of Com. v. EPA*, No. 24-1193 (D.C. Cir. Feb. 11, 2025), ECF No. 2100170. Since then, EPA has

---

[2] *See, e.g., City of Newburgh v. United States,* No. 2:18-cv-3358 (S.D.N.Y.); *County of Suffolk v. United States*, No. 2:19-cv-1181 (E.D.N.Y.); *Lakewood Water Dist. v. United States*, No. 2:20-cv-2899 (W.D. Wash.); *Atl. City Mun. Utils. Auth. v. 3M,* No. 2:19-cv-1223 (D.N.J.); *Town of New Windsor v. United States,* No. 2:21-cv-1496 (S.D.N.Y.); *City of DuPont v. United States,* No. 2:21-cv-3284 (W.D. Wash.); *New Mexico v. United States,* No. 2:20-cv-2115 (D.N.M.); *Town of Marana v. United States,* No. 2:24-cv-5962 (D. Ariz.); *Schaap v. United States,* No. 2:24-cv-7040 (D.N.M.); *Barnstable Fire Dist. v. United States,* No. 2:25-cv-159 (D. Mass.); *City of Westfield v. 3M,* No. 2:18-cv-3435 (D. Mass.); *Security Water Dist. v. AGC Chems. Americas Inc.,* No. 2:19-cv-2187 (D. Colo.); *Town of Plattsburgh v. United States,* No. 2:25-cv-2750 (N.D.N.Y. Jan. 21, 2025); *Fiattarone v. United States,* No. 2:19-cv-1119 (E.D. Wash. Mar. 27, 2025); *City of Fort Worth v. United States,* No. 2:25-cv-2636 (N.D. Tex.); *City of Airway Heights v. United States,* No. 2:20-cv-1763 (E.D. Wash. Mar. 31, 2025); *City of Birmingham v. 3M,* No. 2:21-cv-606 (N.D. Ala.); *City of Mobile v. 3M,* No. 2:23-cv-4044 (S.D. Ala.); *City of Montgomery v. 3M,* No. 2:22-cv-4296 (M.D. Ala.); *Manchester Twp. Dep't of Pub. Works v. 3M,* No. 2:23-cv-6349 (D.N.J.); *Village of Johnson City v. United States,* No. 2:24-cv-1216 (N.D.N.Y.); *Liberty Utils. (Litchfield Park Water & Sewer) Corp. v. 3M*, No. 2:23-cv-2627 (D. Ariz.); *City of Ceiba v. 3M,* No. 2:24-cv-4110 (D.P.R.).

announced a slate of upcoming agency actions that it plans to undertake to address PFAS under various regulatory programs and is continuously taking initiatives and actions relating to PFAS. *See, e.g.*, U.S. EPA, Administrator Zeldin Announces Major EPA Actions to Combat PFAS Contamination (Apr. 28, 2025), [https://www.epa.gov/newsreleases/administrator-zeldin-announces-major-epa-actions-combat-pfas-contamination](https://www.epa.gov/newsreleases/administrator-zeldin-announces-major-epa-actions-combat-pfas-contamination); U.S. EPA, EPA Announces it will Keep Maximum Contaminant Levels for PFOA, PFOS (May 14, 2025), [https://www.epa.gov/newsreleases/epa-announces-it-will-keep-maximum-contaminant-levels-pfoa-pfos](https://www.epa.gov/newsreleases/epa-announces-it-will-keep-maximum-contaminant-levels-pfoa-pfos). The United States apprised the Court of EPA's evaluation of the CERCLA designation at the June Status Conference. Tr. of Status Conference at 25-26, In re: Aqueous Film-Forming Foams Prods. Liab. Litig., (No. 2:18-mn-2873) (D.S.C. June 20, 2025), Dkt. No. 7417.

The designation of PFOS and PFOA as hazardous substances is a key component to recovering these Plaintiffs' costs under CERCLA. As this Court stated in context of EPA's review of PFOA and PFOS: "That is something that materially affects the CERCLA claim, obviously." *Id.* at 26. The litigation of the CERCLA cost recovery or contribution claims should not proceed while there is uncertainty as to such a material element of those claims.

Moreover, CERCLA cost recovery and contribution claims are fact intensive. They require significant investment of time and resources from all parties to litigate or resolve through settlement. The parties must engage in discovery to produce and review cost documents and examine details of the sources of contamination and clean-up efforts. In addition to potential discovery disputes, the Court would be required to decide whether the costs Plaintiffs claim qualify as costs of a CERCLA "response" and whether the claimed costs were incurred because of releases by the United States (as opposed to other causes or sources of contamination), and

5

whether any costs incurred were consistent with the National Contingency Plan, 40 C.F.R. pt. 300. Discovery would also likely require hiring experts. Should EPA reconsider its CERCLA hazardous substance designation, the parties' and the Court's time and efforts on the CERCLA claims could be futile. *Landis,* 299 U.S. at 256 (holding that a decision in a separate pending action "may not settle every question of fact and law in [this case], but in all likelihood it will settle many and simplify them all"). Until there is more clarity on the hazardous substance designation, it would be inefficient to continue moving forward on Plaintiffs' cost recovery and contribution claims.[3]

### B. An abeyance of the CERCLA claims will protect against "double recovery" of the claimed costs.

An abeyance would also allow time for Plaintiffs to resolve claims sought for the same costs in other claims against third-party sources and the United States to ensure compliance with CERCLA.

Unlike other statutory claims raised in this litigation, CERCLA explicitly bars double recovery. As provided in section 114 of CERCLA, "Any person who receives compensation for removal costs or damages or claims pursuant to any other Federal or State law shall be precluded from receiving compensation for the same removal costs or damages or claims as provided in this chapter." 42 U.S.C. § 9614(b). At this time, Plaintiffs are in ongoing litigation against the manufacturers of PFAS, insurance companies, and other parties (including the United States) to recover compensation under statutes other than CERCLA and in some instances, Plaintiffs have settled with parties—including the manufacturers of PFAS. To the extent those costs overlap

---

[3] As noted above, the litigation challenging EPA's designation is currently being held in abeyance until September 17, 2025. *See Chamber of Com. v. EPA*, Case No. 24-1193 (D.C. Cir.). On August 20, 2025, the D.C. Circuit granted the fifth abeyance in the case. *Id*.

6

with the same cost recovery Plaintiffs seek against the United States under CERCLA, they are prohibited. The Court should hold the cost recovery and contribution claims in abeyance to ensure United States taxpayers do not compensate Plaintiffs for costs that are or will be obtained through other claims.

CERCLA's policy against double recovery is reflected throughout a number of its provisions. *See*, *e*.g., 42 U.S.C. § 9612(f); 42 U.S.C. § 9613(f)(2); 42 U.S.C. § 9614(b). As noted above, CERCLA prohibits compensation under CERCLA for removal costs or damages or claims obtained pursuant to other laws. 42 U.S.C. § 9614(b). Moreover, if a party enters into a settlement with the United States or a State, that amount is also taken into account in reducing potential liability to another party. 42 U.S.C. § 9613(f)(2). Based on these provisions, courts have taken into account settlement agreements and insurance payouts when determining equitable reimbursement and long refused to allow parties to double recover in CERCLA actions.[4]

---

[4] *See, e.g.*, *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) (holding that the district court abused its discretion in refusing to credit settlement amounts in calculating the amount of the judgment for CERCLA claim); *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1189-90 (9th Cir. 2000) (holding that one of the equitable factors the district court could apply in CERCLA allocation "is preventing someone from recovering for the same harm twice"); *Basic Mgmt. Inc. v. United States*, 569 F. Supp. 2d 1106, 1124 (D. Nev. 2008) (holding that the "purpose of the [c]ontribution element of CERCLA was to reallocate the remedial cost to those who were ultimately responsible for the pollution, not to provide a windfall recovery for parties who happen to be in the chain of title"); *Raytheon Aircraft Co. v. United States*, No. 05-2328-JWL, 2007 WL 4300221, at *3 (D. Kan. Dec. 8, 2007) (holding that "insurance payments and other payments or credits constitute a significant allocation factor under CERCLA that the court is required to consider in its allocation determination"); *Vine St., LLC v. Keeling*, 460 F. Supp. 2d 728, 765-66 (E.D. Tex. 2006) (holding that "equity prohibits a CERCLA claimant from being reimbursed more than once for the same response costs"); and *United States v. Davis*, 31 F. Supp. 2d 45, 64 (D.R.I. 1998) (holding that it would be inequitable for an allocation to permit a party to recover a portion of the costs that it already had been compensated for in other settlement agreements).

Plaintiffs seek costs under CERCLA that appear to duplicate or overlap the costs sought under the Federal Tort Claims Act or other tort claims against third parties. For example, in one complaint, the Plaintiff requests all response costs under CERCLA as well as damages under a tort theory for "investigation, cleanup, and removal of the [c]ontamination" for the same city watershed and lake. *See* Second Am. Compl. ¶¶ 407-09; 412; and 437, *City of Newburgh v. United States*, No. 2:18-cv-3358 (S.D.N.Y. Aug. 21, 2019). Plaintiffs seek these same costs from no less than seven defendants—including federal, state, and private parties. *Id.* In another instance, in addition to a CERCLA response cost claim against the United States and AFFF manufacturers, Plaintiffs brought suit under an FTCA nuisance claim for damages "including costs to … sample and monitor the water; and conduct additional response and remediation activities." Am. Compl. ¶¶ 456; 330, *City of Airway Heights v. United States,* No. 2:20-cv-1763 (E.D. Wash. June 10, 2025). If Plaintiffs recover response costs from the United States or another party under a tort claim, they would not be able to recover those same costs again under CERCLA. Granting an abeyance would allow Plaintiffs' other claims to proceed before the parties and the Court resolve Plaintiffs' CERCLA cost recovery claims. This would provide clarity as to which response costs (if any) Plaintiffs could recover from the United States under CERCLA.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the CERCLA cost recovery and contribution claims under CERCLA sections 107 and 113, 42 U.S.C. §§ 9607, 9613, against the United States be held in abeyance and that the United States provide updates at the joint status conferences to the Court.

Respectfully submitted this 8th day of September 2025.

                                                                              ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

*/s/ Sanya Shahrasbi*
SANYA SHAHRASBI
SHARI HOWARD
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Telephone: (202) 305-5810 (Shahrasbi)
Fax: (202) 514-8865
sanya.shahrasbi@usdoj.gov
shari.howard@usdoj.gov
*Counsel for the United States*

### CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2025, I filed the foregoing Memorandum in Support of the United States' Motion to Hold in Abeyance CERCLA Cost Recovery and Contribution Claims using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

                                                                            /s/ *Sanya Shahrasbi*

                                                                            *Attorney for the United States*